**MUSICK, PEELER & GARRETT LLP**

225 Broadway, Suite 1900
San Diego, California 92101-5028
Telephone (619) 525-2500
Facsimile (619) 231-1234

Susan J. Field (State Bar No. 86200)
 *s.field@musickpeeler.com*
Lawrence A. Tabb (State Bar No. 141471)
 *l.tabb@musickpeeler.com*
Michelle C. Ferrara (State Bar No. 248133)
 *m.ferrara@musickpeeler.com*

Attorneys for Plaintiff AMCO INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LOIS LAUER, INC. d/b/a CENTURY 21 LOIS LAUER REALTY,<br><br>Defendants. | Case No. **'22 CV 1412 TWR BLM**<br><br>**PLAINTIFF AMCO INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff, AMCO INSURANCE COMPANY ("AMCO"), by and through its attorneys, hereby alleges as follows by way of its Complaint against defendant, LOIS LAUER, INC. d/b/a CENTURY 21 LOIS LAUER REALTY ("Lauer"):

### NATURE OF THE ACTION

1.     This is an insurance coverage dispute in which Defendant Lauer seeks defense and indemnity on its own behalf in connection with the matter styled *Redlands Pride, LLC v. Nationwide Mutual Insurance Company, et al*, filed in the

MUSICK, PEELER
& GARRETT LLP

2020131.1

1  San Diego Superior Court, Case No. 37-2022-00026643-CU-IC-CTL (the

2  "Lawsuit").

3          2.      In this action, AMCO seeks the following relief:

4                  a.      Declaratory judgment that AMCO owes no duty to defend or

5                          indemnify Lauer in connection with the Lawsuit;

6                  b.      Judgment in favor of AMCO that Lauer is obligated to reimburse

7                          AMCO for any and all attorneys' fees and costs AMCO has paid

8                          or will pay in connection with the defense of Lauer in the

9                          Lawsuit.

10                                      **PARTIES**

11         3.      AMCO is, and at all times relevant hereto was, a corporation organized

12  and existing under the laws of the State of Iowa and having its principal place of

13  business located at 1100 Locust Street, Des Moines, IA, 50391.  AMCO was

14  subsequently redomiciled in Ohio.  AMCO is in the business of providing and

15  underwriting insurance.  AMCO is and at all times relevant to this Complaint was,

16  duly authorized to transact business in the State of California.

17         4.      AMCO is informed and believes and thereon alleges that, at all times

18  relevant herein, Lauer is a duly formed California corporation and real estate

19  brokerage business authorized to do business in the State of California under the

20  California Department of Real Estate (DRE) License ID number 00531231, with its

21  principal place of business located at 1998 Orange Tree Lane, Redlands, CA 92374.

22                          **JURISDICTION AND VENUE**

23         5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332

24  in that there is complete diversity of citizenship between AMCO and Lauer, and the

25  amount in controversy exceeds $75,000, exclusive of interests and costs and any

26  claim for punitive damages.

27

28

MUSICK, PEELER
& GARRETT LLP

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because, on information and belief, Lauer resides within this District and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.    The allegations in Paragraphs 8 through 29 are common to all of AMCO's causes of action and are incorporated into each by reference, as though fully set forth therein.

### A.    The AMCO Policies

8.    In relevant part, AMCO issued the three following policies of insurance to Lauer:

a.    "Premier Businessowners Policy" number ACP BPO 3028030601, which includes "Liability Coverage" under form PB 00 06 11 14 and has a policy period of January 20, 2019 - January 20, 2020 (the "2019 Policy") (a true and correct copy of the redacted certified 2019 Policy is attached hereto as Exhibit "A");

b.    "Premier Businessowners Policy" number ACP BPO 3038030601, which also includes "Liability Coverage" under form PB 00 06 11 14 and has a policy period of January 20, 2020 - January 20, 2021 (the "2020 Policy") (a true and correct copy of the redacted certified 2020 Policy is attached hereto as Exhibit "B"); and,

c.    "Premier Businessowners Policy" number ACP BPO 3048030601, which also includes "Liability Coverage" under form PB 00 06 11 14 and has a policy period of January 20, 2021 - January 20, 2022 (the "2021 Policy", and together with the 2019 Policy and the 2020 Policy, the "AMCO Policies") (a true and

1    correct copy of the redacted certified 2021 Policy is attached
2    hereto as Exhibit "C").

3        9.    Each of the AMCO Policies identifies Lauer as the Named Insured and
4    each offers liability coverage on identical forms (PB 00 06 11 14).  As a result, and
5    as is relevant here, each of the AMCO Policies affords liability coverage on the
6    same terms.

7        10.    The Preamble of the Liability Coverage Form contained in each of the
8    AMCO Policies states as follows: "*Throughout this policy, the words "you" and*
9    *"your" refer to the Named Insured shown in the Declarations [...].*"

10        11.    The AMCO Policies contain the following relevant "Liability
11    Coverages" provisions:

12    ***SECTION I – COVERAGES***
13        ***COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE***
                                         ***LIABILITY***
14        ***1. INSURING AGREEMENT***
15            *a.  We will pay those sums up to the applicable Limit of*
            *Insurance that the insured becomes legally obligated to pay*
16                *as damages because of "bodily injury" or "property*
            *damage" to which this insurance applies.  We will have the*
17                *right and duty to defend the insured against any "suit"*
18                *seeking those damages for which there is coverage under this*
            *policy.*
19                *HOWEVER, we will have no duty to defend the insured*
20                *against any "suit" seeking damages for "bodily injury" or*
21                *"property damage" to which this insurance does not apply.*
            *We may, at our sole discretion, investigate any "occurrence"*
22                *and settle any claim or "suit" that may result.  [...].*

23
24            *b.  This insurance applies to "bodily injury" and "property*
            *damage" only if:*
25                    *(1) The "bodily injury" or "property damage" is*
                    *caused by an "occurrence" that takes place in the*
26                        *"coverage territory"; and*
27                    *(2) The "bodily injury" or "property damage" occurs*
                    *during the policy period; [...]*
28        *                  \*              \*              \**

1

*COVERAGE B – PERSONAL AND ADVERTISING INJURY*

2

*LIABILITY*

*1. INSURING AGREEMENT*

3

    a.  *We will pay those sums up to the applicable Limit of*

4

        *Insurance that the insured becomes legally obligated to pay*
        *as damages because of "personal and advertising injury" to*

5

        *which this insurance applies.  We will have the right and duty*
        *to defend the insured against any "suit" seeking those*

6

        *damages for which there is coverage under this policy.*

7

        *HOWEVER, we will have no duty to defend the insured*
        *against any "suit" seeking damages for "personal and*

8

        *advertising injury" to which this insurance does not apply.*

9

        *We may, at our sole discretion, investigate any "occurrence"*
        *and settle any claim or "suit" that may result.  […].*

10

11

    b.  *This insurance applies to "personal and advertising injury"*

12

        *caused by an offense arising out of your business but only if*
        *the offense was committed in the "coverage territory" during*

13

        *the policy period.*

14

        \*              \*             \*

15

    12.    As it relates to Coverage A, the AMCO Policies each include the same

16

following relevant exclusions:

17

*2. EXCLUSIONS*

18

*This insurance, including any duty we have to defend "suits",*

19

*does not apply to: […]*
*b.  Contractual liability*

20

*"Bodily injury" or "property damage" for which the insured*

21

*is obligated to pay damages by reason of the assumption of*
*liability in a contract or agreement. […]*

22

*j.  Damage to Property*

23

*"Property damage" to*
*(1) Property you own, rent, or occupy; […]*

24

*u.  Fiduciary Responsibility*

25

*"Bodily injury" or "property damage" arising out of the*
*ownership, maintenance or use, including all related*

26

*operations, of property in relation to which you or any*

27

*insured is acting in any fiduciary or representative capacity.*
*[…]*

28

    ///

     ***v.*** ***Professional Services***
     *"Bodily injury" or "property damage" that arises out of or is*
     *a result of the rendering of, or failure to render, any*
     *professional service, treatment, advice or instruction.  This*
     *exclusion includes, but is not limited to any:*
     *(1) Legal, accounting, insurance, real estate, financial,*
     *advertising or consulting service, advice or instruction; […]*

13. As it relates to Coverage B, the AMCO Policies each include the same following relevant exclusions:

    **2. EXCLUSIONS**
    *This insurance, including any duty we have to defend "suits",*
    *does not apply to personal and advertising injury: […]*
    **e.** **Contractual liability**
    *For which the insured has assumed liability in a contract or*
    *agreement.  HOWEVER, this exclusion does not apply to*
    *liability for damages that the insured would have in the*
    *absence of the contract or agreement.*
    **f.** **Breach of Contract**
    *Arising out of a breach of contract, except an implied*
    *contract to use another's advertising idea in your*
    *"advertisement". […]*
    **u.** **Fiduciary Responsibility**
    *That arises out of the ownership, maintenance or use,*
    *including all related operations, of property in relation to*
    *which you or any insured is acting in any fiduciary or*
    *representative capacity.  […]*
    **v.** **Professional Services**
    *That arises out of or is a result of the rendering of, or failure*
    *to render, any professional service, treatment, advice or*
    *instruction.  This exclusion includes, but is not limited to any:*
    *(1) Legal, accounting, insurance, real estate, financial,*
     *advertising or consulting service, advice or instruction;*
     *[…]*

14. The AMCO Policies each contain the same following relevant definitions:

  ///

  ///

*SECTION V – DEFINITIONS*

*The terms "you", "your" […]are defined in the Preamble of this Coverage Form.  […]*

> 3. "***Bodily Injury***" *means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*
> 4. "***Coverage territory***" *means: […] the United States of America […]. […]*
> 13. "***Occurrence***" *means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
> 14. "***Personal and advertising injury***" *means injury, including consequential "bodily injury" arising out of one or more of the following offenses:*
>   a. *False arrest, detention or imprisonment;*
>   b. *Malicious prosecution;*
>   c. *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;*
>   d. *Oral or written publication […] of material that slanders or libels a person […];*
>   e. *Oral or written publication […] of material that violates a person's right of privacy;*
>   f. *The use of another's advertising idea in your "advertisement"; or*
>   g. *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*
>   *[…]*
>
> 17. "***Property damage***" *means:*
>   a. *Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>   b. *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.  […]*
> 18. "***Suit***" *means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and*

advertising injury" to which this insurance applies are alleged. [...]

15.     Additionally, each of the AMCO Policies includes the same following policy endorsement (under form PB 63 02 (01-01)) which states, in pertinent part:

### Limitation of Coverage – Real Estate Operations

*This endorsement modifies insurance provide under the following:*

*PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM*

*With respect to real estate operations, the following limitation applies to Section I. COVERAGES:*

*This insurance, including any duty we have to defend "suits", applies only to "bodily injury", "property damage" or "personal and advertising injury" arising out of:*
*1.  The ownership, operation, maintenance or use of such part of any premises you use for general office purposes; or*
*2.  Premises listed with you for sale, but not if:*
    *a.  You own, operate, manage or rent the premises;*
    *b.  You act as agent for the collection of rents or in any supervisory capacity; or*
    *c.  Any other circumstances in which such premises are in your care, custody or control.*

\*                    \*                    \*

### B.     The Lawsuit

16.     On or about July 7, 2022, a civil action was commenced by Redlands Pride LLC ("Homeowner") in the Superior Court for the State of California, County of San Diego, styled *Redlands Pride, LLC v. Nationwide Mutual Insurance Company, et al*, bearing Case No. 37-2022-00026643-CU-IC-CTL (the Lawsuit) (a true and correct copy of the operative Complaint filed in the Lawsuit is attached hereto as Exhibit "D").

17.     The Lawsuit identifies Nationwide Mutual Insurance Company ("Nationwide") and Lauer as defendants.  Nationwide insures the Homeowner.

18.     The Lawsuit includes four causes of action against Nationwide only: (a) Breach of Written Contract (Insurance); (b) Declaratory Relief Re Policy Exclusions; (c) Declaratory Relief Re Claims / Occurrences; and (d) Breach of the Covenant of Good Faith and Fair Dealing.

19.     The Lawsuit includes two causes of action against Lauer only: (a) Professional Negligence; and (b) Breach of Written Contract (Realty).

20.     The causes of action against Lauer are predicated on the following allegations:

      a.     That, at all times relevant, the Homeowner was the sole owner of the real property and residence located at 10775 King Street, Redlands, California, 92374 ("the <u>Property</u>").  *See* Exhibit D, ¶12.

      b.     That, on or about January 6, 2020, the Homeowner entered into a California Residential Listing Agreement with Lauer "*for the provision of professional real estate services*" giving Lauer and its brokers and agents the "*Exclusive Right to Lease*" the Property on the Homeowner's behalf, requiring the provision of "Full Service" listing, which includes, *inter alia*, the complete handling of the leasing of the Property by Lauer "*from start to finish including advertising, full and appropriate screening of prospective lessees, and proper documentation of the terms of the Lease*" (the "<u>Listing Agreement</u>").  *See* Exhibit D, ¶14.

      c.     That, pursuant to the Listing Agreement, Lauer owed the Plaintiff a fiduciary duty of utmost care, integrity, honesty and loyalty.  *See* Exhibit D, ¶17.

      d.     That, "*utilizing its own skill and judgement*", Lauer provided the Homeowner with the identity of prospective lessees, "*representing that they were appropriately screened and qualified to let the Property.*" *See* Exhibit D, ¶15.

      e.     That, based on the recommendation of Lauer, the Homeowner entered into a Residential Lease Agreement ("<u>Lease Agreement</u>") with certain lessees for the Property.  *See* Exhibit D, ¶18.

f.     That on or about July 16, 2021, the Property was seriously damaged in a fire and, at that time, it was discovered that the lessees were using the Property to cultivate marijuana.  *See* Exhibit D, ¶¶23-26, 28.

21.     In summary, the Lawsuit contends that Lauer "*breached their professional duty of care*" owed to the Homeowner "*falling below the standard of care for the community, by failing to properly utilize their professional skill, prudence, and diligence as licensed real estate agents and/or brokers in letting the Property and recommending the Tenants as properly vetted, suitable, and appropriate lessees who would be utilizing the Property solely as a personal residence, when [Lauer] did not run its own credit check on the Tenants, relying on an outdated report provided by the Tenants themselves, and when in fact the Tenants were not at all appropriate*".  *See* Exhibit D, ¶106.  The Lawsuit specifically alleges that, after appropriate inquiries to Lauer, the Homeowner was "*at all relevant times, assured that the Tenants were properly vetted and qualified lessees.*"  *See* Exhibit D, ¶19.

22.     The Lawsuit also contends that Lauer's failure to fulfill the obligations it owed to the Homeowner under the Listing Agreement constitutes a breach of said contract.  *See* Exhibit D, ¶¶109-111.

23.     The Homeowner claims damages in excess of $950,000.00, and seeks punitive damages (the latter specifically against Nationwide).  *See* Exhibit D, ¶¶107, 111.

**C.     AMCO's Reservation of Rights**

24.     Lauer provided AMCO with notice of the Lawsuit and requested a defense in connection therewith.

25.     On or about August 22, 2022, AMCO issued correspondence to Lauer advising that there is no coverage under the 2019 Policy or the 2020 Policy as the Lawsuit does not allege "bodily injury" or "personal and advertising injury", and the "property damage" that is alleged did not occur during the applicable policy periods.

MUSICK, PEELER
& GARRETT LLP

1  AMCO advised that it would defend Lauer under the 2021 Policy, specifically under

2  Coverage A (for "property damage"), subject to a full and  complete reservation of

3  rights under the Policy and applicable law including, but not limited to, the right to

4  seek reimbursement for all amounts AMCO pays in connection with the Lawsuit.

5  (A true and correct copy of AMCO's redacted August 22, 2022 correspondence to

6  Lauer is attached hereto as Exhibit "E")

7            **D.    Coverage Dispute**

8        26.    AMCO contends that, based on the facts available to date, there is no

9  obligation owed by AMCO to Lauer under any of the AMCO Policies in connection

10 with the claims at issue in the Lawsuit. As Lauer has sought defense and indemnity

11 from AMCO, AMCO believes that Lauer asserts otherwise.

12       27.    AMCO seeks a declaration that coverage under the AMCO Policies

13 does not apply to the claims asserted by the Homeowner against Lauer, and that

14 AMCO owes no duty to defend or indemnify Lauer in connection to the Lawsuit.

15       28.    AMCO also seeks a judgment in favor of AMCO that Lauer is

16 obligated to reimburse AMCO for any and all attorneys' fees and costs AMCO has

17 paid in connection with the defense of Lauer in the Lawsuit.

18       29.    Therefore, an actual and justiciable controversy exists regarding the

19 nature and scope of the insurance coverage potentially owed to Lauer.

20                     **FIRST CAUSE OF ACTION**

21          **(Declaratory Relief – No Duty to Defend or Indemnify –**

22                **Real Estate Operations Limitation)**

23       30.    AMCO incorporates by reference the foregoing allegations as though

24 they were fully set forth herein.

25       31.    The AMCO Policies each contain an endorsement entitled "Limitation

26 of Coverage – Real Estate Operations" which states that "*[w]ith respect to real*

27 *estate operations*", the coverage afforded by the AMCO Policies (including any

28

duty AMCO has to defend "suits"), only applies to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

    (1)   *the ownership, operation, maintenance or use of such part of any premises used by the named insured for general office purposes, or*

    (2)   *premises listed with the named insured for sale, [...]*

32.    The Homeowner alleges that Lauer entered into a contract "*for the provision of professional real estate services*" giving Lauer and its brokers and agents the "*Exclusive Right to Lease*" the Property on the Homeowner's behalf, requiring the provision of "Full Service" listing, which includes, *inter alia*, the complete handling of the leasing of the Property by Lauer. *See* Exhibit D, ¶14. Therefore, the claims made by the Homeowner against Lauer arise from Lauer's real estate operations.

33.    The Homeowner does not allege, nor can it allege any claims against Lauer involving the ownership, operation, maintenance or use of such part of any premises used by Lauer for general office purposes.

34.    Likewise, the claims made by the Homeowner against Lauer do not involve or arise out of a property listed with Lauer for ***sale*** as the Homeowner specifically alleges that the Property was listed with Lauer for ***rent***, not for sale.

35.    An actual controversy presently exists between AMCO and Lauer with respect to whether AMCO owes a duty to defend or indemnify Lauer in connection with the Lawsuit. Specifically, AMCO contends that there is no potential for coverage under any of the AMCO Policies and therefore AMCO owes no duty to defend or indemnify Lauer because the "Limitation of Coverage – Real Estate Operations" endorsement applies to fully preclude coverage under each of the AMCO Policies. AMCO is informed and believes, and thereon alleges, that Lauer disputes AMCO's coverage position and contends that there is a potential for coverage under one of the AMCO Policies.

36.     AMCO seeks a judicial declaration that there is no potential for coverage under any of the AMCO Policies for the Lawsuit and that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit.

37.     AMCO has no other existing, speedy, accurate, or proper remedy other than that prayed for and nor remedy at law, by which the rights and duties of the parties may be adequately determined.

38.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that AMCO and Lauer may ascertain their respective rights and obligations under the AMCO Policies.  Resolving this dispute will promote judicial economy, avoid unnecessary burden and expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

## SECOND CAUSE OF ACTION

**(Declaratory Relief – No Duty to Defend or Indemnify Under 2019 Policy – No Bodily Injury, Property Damage or Personal and Advertising Injury During the Policy Period, and No Occurrence)**

39.     AMCO incorporates by reference the foregoing allegations as though they were fully set forth herein.

40.     The 2019 Policy covers the period of January 20, 2019 - January 20, 2020.

41.     The 2019 Policy Insuring Agreement related to Coverage A indicates that the insurance applies to "bodily injury" or "property damage" **caused by an "occurrence"** that takes place in the "coverage territory", and the "bodily injury" or "property damage" **occurs during the policy period**.  The Insuring Agreement related to Coverage B in the 2019 Policy indicates that the insurance applies to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed in the "coverage territory" **during the policy period**.

42.    The 2019 Policy defines the term "property damage" as "*[p]hysical injury to tangible property. [...].*"

43.    The 2019 Policy defines the term "occurrence" as "*an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*"

44.    AMCO is informed and believes, and thereon alleges, that there are no allegations of "bodily injury" or "personal and advertising injury" in the Lawsuit.

45.    The Homeowner claims the Property was damaged by a fire that occurred on or about July 16, 2021.  *See* Exhibit D, ¶¶23-24.  Thus, while there is "property damage" alleged in the Lawsuit, the date of the fire (and consequently the "property damage") is outside of the 2019 Policy period.

46.    Additionally, the Lawsuit contends that the damages suffered by the Homeowner were caused by Lauer's misrepresentations concerning the screening and qualifications of the lessees who ultimately signed the Lease Agreement for the Property and, under California law, misrepresentations are not accidents.  Thus, any "property damage" alleged was not caused by an "occurrence", as the term is defined in the 2019 Policy.

47.    An actual controversy presently exists between AMCO and Lauer with respect to whether AMCO owes a duty to defend or indemnify Lauer in connection with the Lawsuit.  Specifically, AMCO contends that there is no potential for coverage under the 2019 Policy and therefore AMCO owes no duty to defend or indemnify Lauer because (a) the Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period; (b) the Lawsuit does not allege "personal and advertising injury" caused by an offense arising out of Lauer's business during the policy period; and (c) the applicable exclusions and other limitations contained in the 2019 Policy would bar coverage in any event.  AMCO is informed and believes, and thereon alleges, that

1    Lauer disputes AMCO's coverage position and contends that there is a potential for

2    coverage under the 2019 Policy.

3        48.    AMCO seeks a judicial declaration that there is no potential for

4    coverage under the 2019 Policy for the Lawsuit and that AMCO owes no duty to

5    defend or indemnify Lauer in connection with the Lawsuit under the 2019 Policy.

6        49.    AMCO has no other existing, speedy, accurate, or proper remedy other

7    than that prayed for and nor remedy at law, by which the rights and duties of the

8    parties may be adequately determined.

9

10       50.    A judicial declaration is necessary and appropriate at this time, and

11   under the circumstances alleged above, so that AMCO and Lauer may ascertain

12   their respective rights and obligations under the 2019 Policy.  Resolving this dispute

13   will promote judicial economy, avoid unnecessary burden and expense, and

14   encourage the prompt and expeditious resolution of the insurance coverage issues

15   presented.

16                  **THIRD CAUSE OF ACTION**

17   **(Declaratory Relief – No Duty to Defend or Indemnify Under 2020 Policy –**

18   **No Bodily Injury, Property Damage or Personal and Advertising Injury**

19              **During the Policy Period, and No Occurrence )**

20       51.    AMCO incorporates by reference the foregoing allegations as though

21   they were fully set forth herein.

22       52.    The 2020 Policy covers the period of January 20, 2020 - January 20,

23   2021.

24       53.    The 2020 Policy Insuring Agreement related to Coverage A indicates

25   that the insurance applies to "bodily injury" or "property damage" **caused by an**

26   **"occurrence"** that takes place in the "coverage territory", and the "bodily injury" or

27   "property damage" **occurs during the policy period**.  The Insuring Agreement

28   related to Coverage B in the 2020 Policy indicates that the insurance applies to

1  "personal and advertising injury" caused by an offense arising out of the insured's
2  business but only if the offense was committed in the "coverage territory" **during**
3  **the policy period**.

4      54.     The 2020 Policy defines the term "property damage" as "*[p]hysical*
5  *injury to tangible property. [...].*"

6      55.     The 2020 Policy defines the term "occurrence" as "*an accident,*
7  *including continuous or repeated exposure to substantially the same general*
8  *harmful conditions.*"

9      56.     AMCO is informed and believes, and thereon alleges, that there are no
10  allegations of "bodily injury" or "personal and advertising injury" in the Lawsuit.

11      57.     The Homeowner claims the Property was damaged by a fire that
12  occurred on or about July 16, 2021.  *See* Exhibit D, ¶¶23-24.  Thus, while there is
13  "property damage" alleged in the Lawsuit, the date of the fire (and consequently the
14  "property damage") is outside of the 2020 Policy period.

15      58.     Additionally, the Lawsuit contends that the damages suffered by the
16  Homeowner were caused by Lauer's misrepresentations concerning the screening
17  and qualifications of the lessees who ultimately signed the Lease Agreement for the
18  Property and, under California law, misrepresentations are not accidents.  Thus, any
19  "property damage" alleged was not caused by an "occurrence", as the term is
20  defined in the 2020 Policy.

21      59.     An actual controversy presently exists between AMCO and Lauer with
22  respect to whether AMCO owes a duty to defend or indemnify Lauer in connection
23  with the Lawsuit.  Specifically, AMCO contends that there is no potential for
24  coverage under the 2020 Policy and therefore AMCO owes no duty to defend or
25  indemnify Lauer because (a) the Lawsuit does not allege "bodily injury" or
26  "property damage" caused by an "occurrence" during the applicable policy period;
27  (b) the Lawsuit does not allege "personal and advertising injury" caused by an
28  offense arising out of Lauer's business during the policy period; and (c) the

applicable exclusions and other limitations contained in the 2020 Policy would bar coverage in any event.  AMCO is informed and believes, and thereon alleges, that Lauer disputes AMCO's coverage position and contends that there is a potential for coverage under the 2020 Policy.

60.    AMCO seeks a judicial declaration that there is no potential for coverage under the 2020 Policy for the Lawsuit and that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit under the 2020 Policy.

61.    AMCO has no other existing, speedy, accurate, or proper remedy other than that prayed for and nor remedy at law, by which the rights and duties of the parties may be adequately determined.

62.    A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that AMCO and Lauer may ascertain their respective rights and obligations under the 2020 Policy.  Resolving this dispute will promote judicial economy, avoid unnecessary burden and expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief – No Duty to Defend or Indemnify Under 2021 Policy – No Bodily Injury or Personal and Advertising Injury, and No Occurrence)**

63.    AMCO incorporates by reference the foregoing allegations as though they were fully set forth herein.

64.    The 2021 Policy covers the period of January 20, 2021 - January 20, 2022.

65.    The 2021 Policy Insuring Agreement related to Coverage A indicates that the insurance applies to "bodily injury" or "property damage" **caused by an "occurrence"** that takes place in the "coverage territory", and the "bodily injury" or "property damage" occurs during the policy period.  The Insuring Agreement related to Coverage B in the 2021 Policy indicates that the insurance applies to "personal

MUSICK, PEELER
& GARRETT LLP

2020131.1

and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed in the "coverage territory" during the policy period.

66.     The 2021 Policy defines the term "property damage" as "*[p]hysical injury to tangible property. [...].*"

67.     The 2021 Policy defines the term "occurrence" as "*an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*"

68.     AMCO is informed and believes, and thereon alleges, that there are no allegations of "bodily injury" or "personal and advertising injury" in the Lawsuit.

69.     The Homeowner claims the Property was damaged by a fire that occurred on or about July 16, 2021 (*see* Exhibit D, ¶¶23-24) – date that is within the 2021 Policy period.

70.     However, the Lawsuit contends that the damages suffered by the Homeowner were caused by Lauer's misrepresentations concerning the screening and qualifications of the lessees who ultimately signed the Lease Agreement for the Property and, under California law, misrepresentations are not accidents.  Thus, any "property damage" alleged was not caused by an "occurrence", as the term is defined in the 2021 Policy.

71.     An actual controversy presently exists between AMCO and Lauer with respect to whether AMCO owes a duty to defend or indemnify Lauer in connection with the Lawsuit.  Specifically, AMCO contends that there is no potential for coverage under the 2021 Policy and therefore AMCO owes no duty to defend or indemnify Lauer because (a) the Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period; (b) the Lawsuit does not allege "personal and advertising injury" caused by an offense arising out of Lauer's business during the policy period; and (c) the applicable exclusions and other limitations contained in the 2021 Policy would bar

1  coverage in any event.  AMCO is informed and believes, and thereon alleges, that
2  Lauer disputes AMCO's coverage position and contends that there is a potential for
3  coverage under the 2021 Policy.

4      72.    AMCO seeks a judicial declaration that there is no potential for
5  coverage under the 2021 Policy for the Lawsuit and that AMCO owes no duty to
6  defend or indemnify Lauer in connection with the Lawsuit under the 2021 Policy.

7      73.    AMCO has no other existing, speedy, accurate, or proper remedy other
8  than that prayed for and nor remedy at law, by which the rights and duties of the
9  parties may be adequately determined.

10     74.    A judicial declaration is necessary and appropriate at this time, and
11 under the circumstances alleged above, so that AMCO and Lauer may ascertain
12 their respective rights and obligations under the 2021 Policy.  Resolving this dispute
13 will promote judicial economy, avoid unnecessary burden and expense, and
14 encourage the prompt and expeditious resolution of the insurance coverage issues
15 presented.

16              **FIFTH CAUSE OF ACTION**

17  **(Declaratory Relief – No Duty to Defend or Indemnify Under Any of the**
18       **AMCO Policies – Professional Services Exclusions)**

19     75.    AMCO incorporates by reference the foregoing allegations as though
20 they were fully set forth herein.

21     76.    The Insuring Agreement related to Coverage A contained in each of the
22 AMCO Policies indicates that the insurance applies to "bodily injury" or "property
23 damage" caused by an "occurrence" that takes place in the "coverage territory", and
24 the "bodily injury" or "property damage" occurs during the policy period.  The
25 Insuring Agreement related to Coverage B contained in each of the AMCO Policies
26 indicates that the insurance applies to "personal and advertising injury" caused by an
27 offense arising out of the insured's business but only if the offense was committed
28 in the "coverage territory" during the policy period.

MUSICK, PEELER
& GARRETT LLP

2020131.1

19

COMPLAINT

77.     However, each of the AMCO Policies contains several exclusions which AMCO considers would specifically bar coverage for the Lawsuit under both Coverage A and Coverage B in each of the AMCO Policies, including, but not limited to, the Professional Services Exclusions referenced above.  For example, the Homeowner alleges that it entered into a contract with Lauer "*for the provision of professional real estate services*" giving Lauer and its brokers and agents the "*Exclusive Right to Lease*" the Property on the Homeowner's behalf, and that Lauer breached their professional duty of care owed to the Homeowner.  *See, e.g.,* Exhibit D, ¶¶14-21, 104-107, 111.  Therefore, AMCO believes, and thereon alleges, that the Lawsuit arises out of or is the result of Lauer's rendering of, or failure to render, professional service, treatment, advice or instruction (specifically real estate service, advice or instruction) and that, even if it is found that the Lawsuit triggers the Insuring Agreement under any of the AMCO Policies, the applicable exclusions (including, but not limited to the Professional Services Exclusions) would apply to bar coverage thereunder.

78.     An actual controversy presently exists between AMCO and Lauer with respect to whether AMCO owes a duty to defend or indemnify Lauer in connection with the Lawsuit.  Specifically, AMCO contends that there is no potential for coverage under any of the AMCO Policies and therefore AMCO owes no duty to defend or indemnify Lauer because of applicable exclusions and limitations contained in each of the AMCO Policies including, but not limited to, the Professional Services Exclusions which bar coverage.  AMCO is informed and believes, and thereon alleges, that Lauer disputes AMCO's coverage position and contends that there is a potential for coverage under one of the AMCO Policies.

79.     AMCO seeks a judicial declaration that there is no potential for coverage under any of the AMCO Policies for the Lawsuit and that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit.

MUSICK, PEELER
& GARRETT LLP

2020131.1

20

COMPLAINT

80.    AMCO has no other existing, speedy, accurate, or proper remedy other than that prayed for and nor remedy at law, by which the rights and duties of the parties may be adequately determined.

81.    A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that AMCO and Lauer may ascertain their respective rights and obligations under each of the AMCO Policies.  Resolving this dispute will promote judicial economy, avoid unnecessary burden and expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief – No Duty to Defend or Indemnify Under Any of the AMCO Policies – Fiduciary Responsibility Exclusions)

82.    AMCO incorporates by reference the foregoing allegations as though they were fully set forth herein.

83.    The Insuring Agreement related to Coverage A contained in each of the AMCO Policies indicates that the insurance applies to "bodily injury" or "property damage" caused by an "occurrence" that takes place in the "coverage territory", and the "bodily injury" or "property damage" occurs during the policy period.  The Insuring Agreement related to Coverage B contained in each of the AMCO Policies indicates that the insurance applies to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed in the "coverage territory" during the policy period.

84.    However, each of the AMCO Policies contains several exclusions which AMCO considers would specifically bar coverage for the Lawsuit under both Coverage A and Coverage B in each of the AMCO Policies including, but not limited to, the Fiduciary Responsibility Exclusions referenced above.  For example, the Homeowner alleges that, pursuant to the Listing Agreement, Lauer owed the Plaintiff a fiduciary duty of utmost care, integrity, honesty and loyalty and that

1  Lauer breached this obligation.  *See* Exhibit D, ¶¶17, 106, 111.  Therefore, AMCO

2  believes, and thereon alleges, that the Lawsuit arises out of the ownership,

3  maintenance or use, including all related operations, of property in relation to which

4  Lauer was acting in a fiduciary or representative capacity, and that, even if it is

5  found that the Lawsuit triggers the Insuring Agreement under any of the AMCO

6  Policies, the applicable exclusions (including, but not limited to Fiduciary

7  Responsibility Exclusions) would apply to bar coverage thereunder.

8      85.    An actual controversy presently exists between AMCO and Lauer with

9  respect to whether AMCO owes a duty to defend or indemnify Lauer in connection

10  with the Lawsuit.  Specifically, AMCO contends that there is no potential for

11  coverage under any of the AMCO Policies and therefore AMCO owes no duty to

12  defend or indemnify Lauer because of applicable exclusions and limitations

13  contained in each of the AMCO Policies including, but not limited to, the Fiduciary

14  Responsibility Exclusions which bar coverage.  AMCO is informed and believes,

15  and thereon alleges, that Lauer disputes AMCO's coverage position and contends

16  that there is a potential for coverage under one of the AMCO Policies.

17      86.    AMCO seeks a judicial declaration that there is no potential for

18  coverage under any of the AMCO Policies for the Lawsuit and that AMCO owes no

19  duty to defend or indemnify Lauer in connection with the Lawsuit.

20      87.    AMCO has no other existing, speedy, accurate, or proper remedy other

21  than that prayed for and nor remedy at law, by which the rights and duties of the

22  parties may be adequately determined.

23      88.    A judicial declaration is necessary and appropriate at this time, and

24  under the circumstances alleged above, so that AMCO and Lauer may ascertain

25  their respective rights and obligations under each of the AMCO Policies.  Resolving

26  this dispute will promote judicial economy, avoid unnecessary burden and expense,

27  and encourage the prompt and expeditious resolution of the insurance coverage

28  issues presented.

### SEVENTH CAUSE OF ACTION

### (For Reimbursement of Payments)

89.     AMCO incorporates by reference the foregoing allegations as though they were fully set forth herein.

90.     AMCO has agreed to defend Lauer in connection with the Lawsuit, subject to a full and complete reservation of rights under the 2021 Policy and applicable law, and therefore will pay attorneys' fees and costs in connection with that defense.

91.     AMCO expressly reserved its rights pursuant to *Buss v. Superior Court*, 16 Cal.4th 36 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), to recover all amounts paid in connection with Lauer's defense and any indemnification as to the Lawsuit on the ground that such defense fees and costs are likely not even potentially covered under the 2021 Policy (or any of the other AMCO Policies).

92.     As alleged above, AMCO contends that there is no potential for coverage under any of the AMCO Policies and, as a result, AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit.  To the extent the Court resolves this coverage dispute in favor of AMCO, AMCO is entitled to recovery or reimbursement from Lauer for all attorneys' fees and costs AMCO has paid to or on behalf of Lauer in connection with the defense of the Lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMCO Insurance Company prays for the following relief:

(1)     **As to the First Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify – Real Estate Operations Limitation):** For a declaration that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit under either the 2019 Policy, the 2020 Policy, or the 2021 Policy as a result of the Real Estate Operations Limitation contained in each of the AMCO Policies;

(2)     **As to the Second Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify Under 2019 Policy – No Bodily Injury, Property Damage or Personal and Advertising Injury During the Policy Period, and No Occurrence):** For a declaration that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit under the 2019 Policy because (a) the Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period; (b) the Lawsuit does not allege "personal and advertising injury" caused by an offense arising out of Lauer's business during the policy period; and (c) the applicable exclusions and other limitations contained in the 2019 Policy would bar coverage in any event;

(3)     **As to the Third Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify Under 2020 Policy – No Bodily Injury, Property Damage or Personal and Advertising Injury During the Policy Period, and No Occurrence):** For a declaration that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit under the 2020 Policy because (a) the Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period; (b) the Lawsuit does not allege "personal and advertising injury" caused by an offense arising out of Lauer's business during the policy period; and (c) the applicable exclusions and other limitations contained in the 2020 Policy would bar coverage in any event;

(4)     **As to the Fourth Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify Under 2021 Policy – No Bodily Injury or Personal and Advertising Injury, and No Occurrence):** For a declaration that AMCO owes no duty to defend or indemnify Lauer in connection with the Lawsuit under the 2021 Policy Lauer because (a) the Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period; (b) the Lawsuit does not allege "personal and advertising injury" caused by an offense arising out of Lauer's business during the policy period; and (c) the applicable exclusions and

1 | other limitations contained in the 2021 Policy would bar coverage in any event;

2 |     (5)   **As to the Fifth Cause of Action for Declaratory Relief (No Duty to**
3 | **Defend or Indemnify Under Any of the AMCO Policies – Professional Services**
4 | **Exclusions):** For a declaration that AMCO owes no duty to defend or indemnify
5 | Lauer in connection with the Lawsuit under any of the AMCO Policies on the basis
6 | that the coverage is barred by the applicable exclusions contained in each of the
7 | referenced policies including, but not limited to, the Professional Services Exclusions;

8 |     (6)   **As to the Sixth Cause of Action for Declaratory Relief (No Duty to**
9 | **Defend or Indemnify Under Any of the AMCO Policies – Fiduciary**
10 | **Responsibility Exclusions):** For a declaration that AMCO owes no duty to defend
11 | or indemnify Lauer in connection with the Lawsuit under any of the AMCO Policies
12 | on the basis that the coverage is barred by the applicable exclusions contained in
13 | each of the referenced policies including, but not limited to, the Fiduciary
14 | Responsibility Exclusions;

15 |     (7)   **As to the Seventh Cause of Action for Reimbursement:**

16 |         (a)   Judgment in favor of AMCO that Lauer is obligated to reimburse
17 | AMCO for any and all defense costs or indemnity that AMCO has paid to or on
18 | behalf of Lauer in connection with the defense of the Lawsuit;

19 |         (b)   Damages according to proof; and,

20 |         (c)   Prejudgment interest; and,

21 |     (8)   For such other relief as is just and equitable herein.

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

MUSICK, PEELER
& GARRETT LLP

2020131.1

25

COMPLAINT

1    DATED:  September 16, 2022      Respectfully submitted,

2

3                          MUSICK, PEELER & GARRETT LLP

4

5                          By:

6                              Susan J. Field

7                              Lawrence A. Tabb

                               Michelle C. Ferrara

8                              Attorneys for Plaintiff

                             AMCO INSURANCE COMPANY

9                              Emails: s.field@musickpeeler.com;

10                             l.tabb@musickpeeler.com;

                            m.ferrara@musickpeeler.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28